```
               FILED
CLERK, U.S. DISTRICT COURT

     JUN 2 8 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                     DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

UNITED STATES OF AMERICA,

        Plaintiff,

            v.

QUY TIET,

        Defendant.

ED CR No. CR 19-00239-JGB

I N D I C T M E N T

[18 U.S.C. § 1343: Wire Fraud]

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   The United States Postal Service ("USPS") entered into contracts with Contract Postal Units to sell postal goods and services to the general public, including USPS postage stamps. Contract Postal Units received performance-based compensation from USPS in accordance with the terms of their contracts with USPS.

2.   Contract Postal Units would submit their sales of USPS products via a computer connected to the Contract Access Retail

System.  Once submitted to the Contract Access Retail System, the information concerning the Contract Postal Unit's sales of USPS products would travel to the Escher Data Center in Merrifield, Virginia, where it would it would be compiled by USPS as part of the process to determining the Contract Postal Unit's performance-based payment.

3.  Defendant QUY TIET was the owner and operator of Water-4-U, a convenience store located at 341 South Lincoln Avenue, Unit G, in Corona, California.  Water-4-U was a Contract Postal Unit.

4.  As part of the USPS Contract Postal Unit agreement with Water-4-U, USPS agreed to pay Water-4-U 15% of the retail price of USPS products, including stamps, that Water-4-U sold.  The Contract Postal Unit agreement also required Water-4-U to purchase all of its stamps from an "authorized Stamp Provider."  Under the USPS contract, an "authorized Stamp Provider" did not include local post offices.

5.  From at least October 2010 through May 2015, defendant TIET did not purchase any stamps from an "authorized Stamp Provider," as required by Water-4-U's contract with USPS.

B.    THE FRAUDULENT SCHEME

6.  Beginning on a date unknown to the Grand Jury and continuing through at least on or about May 15, 2015, defendant TIET, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the USPS as to material matters, and to obtain money from the USPS, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

7.  The fraudulent scheme operated, in substance, as follows:

1       a. Defendant TIET would enter into a computer connected
2    to the Contract Access Retail System false and fraudulent information
3    representing cash sales of USPS stamps at Water-4-U;

4       b. Defendant TIET would then submit, via the Contract
5    Access Retail System, Water-4-U's daily sales of USPS products,
6    including USPS stamps when, in fact, as defendant TIET then knew,
7    those daily sales included false and inflated claims of USPS stamp
8    sales; and

9       c. The USPS would pay defendant TIET 15% of the claimed
10   USPS sales at Water-4-U, which would include payment for defendant
11   TIET's false and inflated claims of USPS stamp sales.

12    8. To execute the aforementioned scheme, defendant TIET made
13   false and deceptive statements to the USPS, including, without
14   limitation, that Water-4-U had sold the number of USPS stamps in cash
15   transactions that defendant TIET claimed it had.

16    9. In carrying out the scheme to defraud, defendant TIET
17   concealed, among others, the fact that Water-4-U did not sell the
18   number of USPS stamps that defendant TIET claimed it had sold.

19    10. Defendant TIET falsely reported to USPS via the Contract
20   Access Retail System that Water-4-U sold approximately $2,350,117.88
21   in stamps between on or about October 2011 and on or about May 15,
22   2015.

23   C. ITEMS WIRED

24    11. On or about the following dates, in Riverside County,
25   within the Central District of California, and elsewhere, for the
26   purpose of executing the above-described scheme to defraud, defendant
27   TIET caused the transmission of the following items by means of wire
28   communications in interstate and foreign commerce:

| COUNT | DATE | ACT |
|-------|------|-----|
| ONE | 8/12/2014 | Defendant TIET transmitted sales data stating that Water-4-U sold $3,173.63 of stamps from Corona, California to the USPS Escher Data Center in Merrifield, Virginia. |
| TWO | 9/30/2014 | Defendant TIET transmitted sales data stating that Water-4-U sold $2,982.36 of stamps from Corona, California to the USPS Escher Data Center in Merrifield, Virginia. |
| THREE | 11/6/2014 | Defendant TIET transmitted sales data stating that Water-4-U sold $2,974.35 in stamps from Corona, California to the USPS Escher Data Center in Merrifield, Virginia. |

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

| COUNT | DATE | ACT |
|-------|------|-----|
| FOUR | 11/18/2014 | Defendant TIET transmitted sales data stating that Water-4-U sold $3,155.51 in stamps from Corona, California to the USPS Escher Data Center in Merrifield, Virginia. |

A TRUE BILL

_____/S/_____
Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, General Crimes
Section

THOMAS F. RYBARCZYK
Assistant United States Attorney
Public Corruption and Civil
Rights Section